IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   3:17-CR-229 (TJM) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WILLIAM SURMIK,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## GOVERNMENT'S FIRST SENTENCING MEMORANDUM

Introduction

The government hereby files its first sentencing memorandum in connection with sentencing currently scheduled for July 26, 2018.  We respectively reserve the right to file supplemental memoranda in order to address or respond to any issues that arise in the future.

The Indictment

On August 23, 2017, a grand jury indicted William Surmik as follows:

COUNTS 1 - 4
[Assaulting, Resisting, And Impeding Federal Law Enforcement Officers]

On or about March 7, 2017, in Tioga County, in the Northern District of New York and elsewhere, defendant **WILLIAM SURMIK,** knowingly and intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with one or more persons designated in Section 1114 of Title 18, United States Code and forcibly assaulted and intimidated such persons on account of the performance of official duties during such persons's terms of service, that is the following law enforcement officers with the following positions:

| Count | Law Enforcement Officer |
|---|---|
| 1 | Special Deputy United States Marshall T.M. |

1

| 2 | Special Deputy United States Marshall M.C. |
|---|---|
| 3 | Deputy United States Marshall A.K. |
| 4 | Deputy United States Marshall P.J. |

In violation of Title 18, United States Code, Section 111(a)(1) and (b).  Those violations involved physical contact with the victims of those assaults and intent to commit one or more other felonies, that is Unlawful Manufacture of Methamphetamine in the Third Degree, in violation of New York Penal Law Section 220.73; Criminal Mischief in the Second Degree, in violation of New York Penal Law Section 145.10; and Reckless Endangerment in the First Degree, in violation of New York Penal Law Section 120.25, in violation of Title 18, United States Code, Section 111(a).  In the commission of those violations, the defendant used a deadly and dangerous weapon, that is, a motor vehicle, and inflicted bodily injury, in violation of Title 18, United States Code, Section 111(b).

<u>The Plea</u>

On January 11, 2018, the defendant entered a plea of guilty to Counts 1 through 4 of the four-count Indictment.  There is no plea agreement in this case.

<u>The Facts</u>

In March of 2017, the U.S. Marshals Fugitive Task Force in the Southern Tier of New York learned that a fugitive who was wanted from the state of Ohio was in the area.  Fugitive William Surmik was wanted on a fugitive parole warrant by the Ohio Parole Office.  The U.S. Marshals Fugitive Task Force in the Binghamton, New York  area consists of Deputy U.S. Marshal A.K., Deputy U.S. Marshal P.J., Special Deputy U.S. Marshal T.M., Special Deputy U.S. Marshal M.C., and others.  All of these officers are federal law enforcement officers.

The task force obtained from the Ohio authorities a warrant packet that included the fugitive arrest warrant for defendant Surmik along with other information.  Surmik was considered by the Ohio authorities to be armed and dangerous based upon his violent conviction and previous criminal activities.  The U.S. Marshals Task Force was also being assisted by the Vestal Police Department (VPD).  As the task force and VPD actively sought Surmik, Surmik also became a suspect in a then recent home burglary in nearby Apalachin, New York where several firearms were stolen from the home during that burglary.  Law enforcement thus considered Surmik to be potentially armed as well.

On March 7, 2017, the U.S. Marshals Task Force located Surmik staying  at a residence in Apalachin, New York.  Deputy U.S. Marshal A.K., Deputy U.S. Marshal P.J., Special Deputy U.S. Marshal T.M., Special Deputy U.S. Marshal M.C., other task forces officers along with VPD officers converged on the residence where Surmik was staying.  As the law enforcement officers arrived at the residence, Surmik exited the residence and jumped into a pick up truck.  Task force officers turned on their emergency police lights and sirens and ordered Surmik to surrender and stop.   Surmik then intentionally drove the pick up truck at a very high rate of speed and intentionally rammed/smashed into the vehicle being operated by Special Deputy U.S. Marshal T.M.  Surmik next drove his vehicle at a high rate of speed at the other federal task force officers and forced those other federal task force officers to back off from effecting an arrest of Surmik. Surmik intentionally used his pick up truck as a deadly and dangerous weapon to threaten all of the federal officers; placing all of the federal officers in fear of bodily harm; and forcing all of the federal officers to retreat due to fear of bodily harm and of being struck by Surmik's pickup truck. By intentionally ramming/smashing into T.M.'s federal task force vehicle, Surmik provided an exit corridor and would have otherwise been boxed in on the property.  As Surmik  intentionally

rammed/smashed into T.M.'s task force vehicle, Surmik then intentionally maneuvered toward and around other vehicles and causing them to back off.  Surmik caused several thousand dollars damage to T.M.'s U.S. Marshals Task Force vehicle.  T.M. was shaken up as a result of being intentionally rammed by Surmik operating his truck at a high rate of speed.

Surmik then led the U.S. Marshals Task Force officers on a several mile chase at times reaching very high speeds.  Surmik sped through back roads and trails while being pursued by U.S. Marshals Task Force members who had their police lights and sirens activated.  The chase lasted for several miles.  The chase came to an end when Surmik's truck collided with a U.S. Marshals service vehicle occupied by two U.S. Marshals, A.K. and P.J.  Their vehicle collided with Surmik's and their U.S. Marshals Task Force vehicle was completely destroyed/totaled and a complete loss due to the extensive damage.  Another U.S. Marshals Task Force vehicle being operated by Special Deputy U.S. Marshall M.C. also crashed into Surmik's truck at the end of the chase.  M.C. sustained extensive injury to his hand and wrist due to the crash.

After Surmik's vehicle was pinned by several task force vehicles surrounding him, federal officers ordered him to exit the truck.  Surmik refused to exit his vehicle.  Federal officers M.C. and A.K. proceeded to smash the driver's side window of Surmik's vehicle.  M.C. cut his hand very badly during this entry and while arresting Surmik.  Surmik struggled with task force officers as they subdued and handcuffed him.  Task Force officer M.C. had to retire from law enforcement as a result of injuries sustained by Surmik's actions.

After Surmik was removed from his truck, U.S. Marshals discovered a fully operational mobile methamphetamine laboratory inside Surmik's truck.  Surmik had been manufacturing methamphetamine inside his truck and was using his truck as a mobile meth lab.

Surmik fled to avoid apprehension on the fugitive Ohio warrant and also to avoid apprehension, discovery, and arrest of the mobile meth lab in the truck.

<u>Penalties</u>

As to each of counts 1-4, the statutory maximum term is 20 years imprisonment on each count, pursuant to 18 U.S.C. § 111(b).  As for the U.S.S.G. provisions, defendant's total offense level is 18 and his criminal history category is III.  The guidelines imprisonment range is therefore 33 to 41 months.

In addition to imposing any other penalty, the sentencing court may require the defendant to serve a term of supervised release of up to 3 years, to begin after imprisonment.  See 18 U.S.C. § 3583.

<u>The PSR</u>

The government agrees with all of the facts, information, and calculations as set forth in the Pre-sentence Investigation Report (PSR).  We have no objections to the report.

<u>Departure</u>

The probation officer has not identified any factors that would warrant a departure from the applicable sentencing guideline range.  Additionally, the probation officer has not identified any factors that would warrant a sentence outside of the advisory guideline system.  Likewise, the government finds no facts or factors that would justify a departure pursuant to guidelines provisions.  We therefore object to defendant's claim that a departure is warranted.

<u>Government's Sentencing Recommendation</u>

Based upon all of the facts, information, and evidence before this Court, the government recommends that the Court sentence defendant to 41 months imprisonment; a 3 year term of

supervised release; a restitution order; and a special assessment.  This sentence is fair and just taking into consideration all of the information and factors before the Court.


GRANT C. JAQUITH
United States Attorney


*Miroslav Lovric*
_____

Miroslav Lovric
Assistant United States Attorney
Bar Roll No. 301490

7/12/2018
_____
Date

## CERTIFICATE OF SERVICE FOR ELECTRONIC CASE FILING SYSTEM

I hereby certify that on July 12, 2018, I electronically filed with the NDNY Clerk of the District Court using the CM/ECF system the above-referenced document(s) in connection with the above-referenced case.  The CM/ECF system automatically sent electronic notifications of such filing to the attorneys of record in this case, as maintained by the District Court Clerk's Office, AND who are properly registered in the CM/ECF system for the NDNY as required pursuant to NDNY General Order #22.  As for any attorney of record in this case who is not registered in the CM/ECF system for the NDNY, the government has caused to be mailed or faxed to that attorney either the actual CM/ECF electronic notification/e-mail as received from the CM/ECF system by the government and/or the actual documents being filed.  Therefore, the non-registered attorney(s) will receive the same electronic ECF notice with the same information as will the attorney(s) who is/are registered in the CM/ECF system.

*Miroslav Lovric*
Assistant U.S. Attorney